79 F.3d 1153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jackeline MARQUEZ; Rocio Andrade, Plaintiffs-Appellants,
v.
Miguel A. ANDRADE, Plaintiff,
and
City of Burlingame; Alfred J. Palmer, Chief of Police, and
Richard Harman, Defendants-Appellees.
 No. 94-15794.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1995.*
Decided March 13, 1996.
 
 1
 Before: KOZINSKI and HAWKINS, Circuit Judges, and SILVER**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Plaintiffs were attacked and bitten by a police dog during an investigatory stop. They filed suit pursuant to 42 U.S.C. § 1983, claiming that conduct on the part of Officer Richard Harman and the City of Burlingame police department constituted an unreasonable seizure in violation of the Fourth Amendment and a deprivation of personal security guaranteed under Fourteenth Amendment substantive due process principles. The district court granted summary judgment to the defendants. Plaintiffs appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 I. Fourth Amendment
 
 4
 The first issue is whether defendants' conduct constituted an unreasonable seizure in violation of the Fourth Amendment. The Supreme Court of the United States has defined seizure as "an intentional acquisition of physical control." Brower v. County of Inyo, 489 U.S. 593, 596 (1989). Brower clarified the type of police action that constitutes a seizure when the police initiate contact with an individual. In the present case Officer Harman clearly had seized the plaintiffs prior to the dog's attack.
 
 
 5
 Fourth Amendment claims of unreasonable seizure also require courts to evaluate any force used after the initial contact and throughout "the course of an ... investigatory stop." Graham v. Connor, 490 U.S. 386, 395 (1989). The parties do not dispute that, like the initial police conduct, subsequent police conduct constitutes a seizure under the Fourth Amendment only if the conduct was intentionally committed by law enforcement officers.
 
 
 6
 We conclude that the dog bites were not seizures because the attack did not involve the requisite intentional conduct. The parties agree that Officer Harman did not intend to use the police dog to "subdue" the plaintiffs. Harman did not order the dog to find or attack the plaintiffs. He was not aware that the dog had left the car until he heard one of the girls scream.
 
 
 7
 The plaintiffs argue that the City of Burlingame and its police chief intended the dog attack because the City trains police dogs to attack when the dogs sense that a police officer is endangered. The cases plaintiffs cite do not support their contention that this training program supplies the element of intent necessary to find a seizure under the Fourth Amendment. In both Mendoza v. Block, 27 F.3d 1357, 1358-59 (9th Cir.1994) and Chew v. Gates, 27 F.3d 1432, 1436 (9th Cir.1994), cert. denied, 115 S.Ct. 1097 (1995), cited by the plaintiffs, one or more police officers had released a canine to search and "subdue" suspects. Because the police officers consciously chose to employ the dogs to seize the suspects, the element of intent existed in both cases.
 
 
 8
 In another case cited by plaintiffs, the Supreme Court concluded that, in some circumstances, cities can be liable under 42 U.S.C. § 1983 for failure to train officers. See City of Canton v. Harris, 489 U.S. 378, 388 (1989). In cases alleging failure to train, however, the plaintiffs must establish the elements of the underlying constitutional violation. See City of Canton, 489 U.S. at 388 n. 8. City of Canton does not indicate that a training program, or a failure to train, supplies the intent element necessary to find a seizure under the Fourth Amendment.
 
 
 9
 Plaintiffs have failed to show that either the City of Burlingame or Officer Harman intentionally employed the dogs during the investigative stop. Therefore, the attack is not a "seizure" under the Fourth Amendment.
 
 II. Fourteenth Amendment
 
 10
 Plaintiffs also argue defendants' conduct violated substantive due process. The Supreme court held in Graham, however, that a claim of abusive government conduct that implicates a specific constitutional right must be analyzed as a violation of that right, rather than substantive due process. 490 U.S. at 395; Sinaloa Lake Owner's Ass'n v. City of Simi Valley, 882 F.2d 1398, 1408-09 n. 10 (9th Cir.1989), cert. denied, 494 U.S. 1016 (1990). The substantive due process argument here is that (1) defendants created a danger to plaintiffs by (a) training police dogs to attack when they perceive a threat to a police officer, and (b) arresting plaintiffs; and (2) the danger was realized when, during the course of the arrest, the dog bit plaintiffs. See Appellants' Opening Brief at 18-20. The government conduct on which this claim is based implicates the Fourth Amendment's prohibition against unreasonable seizures and must therefore be analyzed, not under substantive due process, but under the Fourth Amendment. As we have already concluded, however, defendants' conduct did not constitute an unreasonable seizure.
 
 
 11
 The award of summary judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3